WALLACE, Judge.
Dave Moyers appeals two orders finding him in indirect criminal contempt for fail *828 ing to comply with truancy orders requiring him to ensure his daughter’s attendance at school. On the authority of this court’s decision in Sockwell v. State, 123 So.3d 585 (Fla. 2d DCA 2012), we reverse both of the orders under review.
We need not detail the confusing and convoluted course of the proceedings in the circuit court that led to the entry of the orders under review. It is sufficient to say that the proceedings on both of the orders to show cause at issue in this case suffer from the same procedural and evi-dentiary deficiencies identified in Sockwell. The truancy court judge improperly acted as the judge and the prosecutor, and the evidence was insufficient to establish Mr. Moyers’ willful noncompliance with the truancy court’s orders. There was no evidence presented at the hearing on the first order to show cause, and the evidence presented at the hearing on the second order to show cause merely showed that Mr. Moyers’ daughter had been absent from or tardy to school on several days. The evidence also showed that a medical condition had prevented the daughter from attending school for several days. There was no evidence that Mr. Moyers had willfully failed to ensure his daughters’ timely attendance at school or to obtain medical treatment for her condition. Because of the truancy judge’s improper role in the proceedings as prosecutor and because the evidence failed to prove Mr. Moyers’ willful noncompliance with the truancy orders beyond a reasonable doubt, we reverse both of the orders under review.
Reversed.
SILBERMAN and VILLANTI, JJ., Concur.